# EXHIBIT B

RECEIVED

APR 0 5 2018

JERRY MOBERG
& ASSOCIATES

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF CHELAN

| | |
|---|---|
| JOSE QUEZADA,<br><br>                Plaintiff,<br>v.<br><br>CITY OF ENTIAT and SUSAN DRIVER,<br>individually.<br>                Defendants. | No. 16-2-00173-9<br><br>AMENDED COMPLAINT |

## I. PARTIES, JURISDICTION, AND VENUE

1.1  At all material times Plaintiff, Jose Quezada (Quezada), resided in Chelan County, Washington.

1.2  Defendant, City of Entiat (Entiat), is a municipal subdivision existing under the laws of the State of Washington. Entiat is located in Chelan County, Washington.

1.3  At all material times Defendant, Susan Driver (Driver), resided in Chelan County, Washington. Driver is Entiat City Administrator/Planner

1.4  At all material times Quezada was employed by Entiat.

1.5  Jurisdiction and venue are proper.

## II. FIRST CAUSE OF ACTION: DISCRIMINATION

2.1  Quezada restates and realleges all prior paragraphs.

AMENDED COMPLAINT
c7 quezada-j.emp\pleadings\complaint

1



**LACY KANE & KUBE**
300 Eastmont Avenue
East Wenatchee, WA 98802
(509) 884-9541 ◆ Fax: (509) 884-4805

2.2  Quezada was discriminated against and discharged by Entiat, through the actions of Driver, because of his race (Hispanic), in violation of RCW 49.60.180.

2.3  Entiat is responsible for the actions of Driver under Respondent Superior.

2.4  As a result of the violation, Quezada has suffered damages in an amount to be proven at trial.

### III. SECOND CAUSE OF ACTION:
### BREACH OF CONTRACT/SPECIFIC PERFORMANCE/PROMISSORY ESTOPPEL

3.1  Quezada restates and realleges all prior paragraphs.

3.2  Entiat enticed Quezada to leave his prior job and to remain on the job and not seek other employment with the promise and incentive that he would be remain employed and receive promotion.

3.3  Quezada reasonably believed that his work and loyalty would result in continued employment and promotion. Entiat promised and reinforced that Quezada would be likewise compensated for his relating work.

3.4  Under the Doctrine of Promissory Estoppel, Entiat made a promise, inducing action by Quezada, to Quezada's detriment, and injustice can be avoided only by enforcement of Entiat's promise by compensating him for the damages he has sustained.

3.5  As a direct consequence of Entiat's breach, Quezada has suffered damages in an amount to be proven at trial.

### IV. THIRD CAUSE OF ACTION:
### BREACH OF PROMISE OF SPECIFIC TREATMENT IN SPECIFIC CIRCUMSTANCES

4.1  Quezada restates and realleges all prior paragraphs.

4.2  Entiat enticed Quezada to remain on the job and not seek other employment with the

AMENDED COMPLAINT
c7 quezada-j.emp\pleadings\complaint        2

LACY KANE & KUBE
300 Eastmont Avenue
East Wenatchee, WA 98802
(509) 884-9541 ♦ Fax: (509) 884-4805

promise and incentive that he would remain employed and receive promotion.

4.3   Quezada reasonably believed that his work and loyalty would result in continued employment and promotion. Entiat promised and reinforced Quezada would be likewise compensated for his work.

4.4   Quezada relied upon promises made by Entiat regarding his future employment.

4.5   Entiat discharged Quezada in violation of promises of specific treatment in specific situations.

4.6   As a direct result of Entiat's breach of its promises of specific treatment in specific circumstances, Quezada has been damaged in an amount to be proven at trial.

## V. FOURTH CAUSE OF ACTION: VIOLATION OF PUBLIC POLICY

5.1   Quezada restates and realleges all prior paragraphs.

5.2   Washington's public policy prohibits any employer from discriminating against an employee in the terms or conditions of their employment on the basis of their race.

5.3   Entiat and Driver violated Washington's public policy by terminating Quezada on the basis of his race.

5.4   As a direct result of Defendants' violation of public policy, Quezada has been damaged in an amount to be proven at trial.

## VI. FIFTH CAUSE OF ACTION: DEPRIVATION OF PROTECTED PROPERTY AND LIBERTY INTERESTS IN VIOLATION OF DUE PROCESS 42 U.S.C. § 1983

6.1   Quezada restates and realleges all prior paragraphs.

6.2   Quezada's injuries described herein were inflicted by Defendants' execution and policy of custom causing Quezada to be denied due process.

AMENDED COMPLAINT
c7 quezada-j.cmp\pleadings\complaint          3

**LACY KANE & KUBE**
300 Eastmont Avenue
East Wenatchee, WA 98802
(509) 884-9541 ♦ Fax: (509) 884-4805

6.3 Defendant' policies and customs denied Quezada Due Process and were the direct result of his injuries.

6.4 The manner of Quezada's discharge by Defendants deprived Quezada of his protected property and liberty interests in his employment by City of Entiat, in violation of 42 U.S.C. §1983.

6.5 As the direct and proximate result of such deprivation, Quezada suffered damages in an amount to be proven at the time of trial herein.

## VII. REQUEST FOR RELIEF

Quezada requests relief as follows:

A. For his past and future lost wages and benefits in an amount to be proven at trial;
B. For all other past and future special and general damages in an amount to be proven at trial;
C. For reasonable attorneys fees and costs of his action; and
D. For such other and further relief as the Court may deem appropriate.

WHEREFORE, Plaintiff Quezada prays for damages as mentioned above, together with liquidated damages, pursuant to 29 U.S.C. § 2617, 42 U.S.C. §1983, and RCW 49, or other equitable relief and reasonable attorney's fees pursuant to 29 U.S.C. § 2617, 42 U.S.C. §1983, and RCW 49.

DATED this 3rd day of April, 2018.

LACY KANE & KUBE, P.S.

By: _____
COREY M. KANE WSBA 49710
Attorney for Plaintiff

AMENDED COMPLAINT
c7 quezada-j.emp\pleadings\complaint          4

**LACY KANE & KUBE**
300 Eastmont Avenue
East Wenatchee, WA 98802
(509) 884-9541 ♦ Fax: (509) 884-4805