HON. ROSANNA MALOUF PETERSON

James E. Baker
Jerry Moberg & Associates, P.S.
P.O. Box 130 – 124 3rd Avenue
Ephrata, WA 98823
jbaker@jmlawps.com
Phone: (509) 754-2356
Fax: (509) 754-4202
Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON
AT SPOKANE

| | |
|---|---|
| JOSE QUEZADA, | No. 2:18-cv-00118 RMP |
| Plaintiff, | **DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| CITY OF ENTIAT and SUSAN DRIVER, individually, | |
| Defendants. | **Hearing Date: 2:30 p.m. Aug. 17, 2018** |
| | **With Oral Argument** |

## I.    PLAINTIFF'S DUE PROCESS CLAIM IS WITHOUT MERIT.

Plaintiff's Federal Due Process claim fails because he did not have a protected property interest in continued employment with the City.  Plaintiff did not challenge the case law cited by Defendants that probationary employees and at-will employees do not have a property interest in continued employment.  Plaintiff alleged that he was *not a probationary employee* at the time his job was eliminated.

T:\WPWIN\Entiat\Quezada v City of Entiat (CIAW)\Pleadings - Misc\464307.doc

DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
Page 1 of 12

(ECF No. 8 at 17.)  Plaintiff asserted: "At the time of his termination, Quezada had been employed by Entiat longer than six months and was no longer a probationary employee. (February 10, 2015[1] to August 31, 2015)." (ECF No. 9 at 46.)  Plaintiff is in error.  Plaintiff's probation period began on March 2, 2015, was to end on Sept. 2, 2015 and his job was eliminated on Aug. 31, 2015.  *See* letter dated Feb. 10, 2015, which was signed by Plaintiff: "Starting wage for this position would be $3000/month additional pay depending on completion of certifications and satisfactory performance during the initial six month probationary period."  (ECF 6-1 at 30,)  The letter stated: "Official Start Date: March 2, 2015."  (*Id.*)  Plaintiff began his probationary period of March 2, 2015 and his six-month probationary period ended on Sept. 2, 2015.  (ECF No. 6 at 4.)  Plaintiff's position was eliminated as of Aug. 31, 2015.  (*Id.*)

The Fourteenth Amendment due process cases cited by Plaintiff do not apply to the facts of this case. *See Sintra, Inc. v. City of Seattle,* 119 Wn.2d 1, 829 P.2d 765 (1992) (This case did not involve employment law; it was a claim by a land developer alleging that certain land use regulations caused a constitutional taking or a denial of substantive due process.); *Citoli v. City of Seattle,* 115 Wn.App. 459, 61 P.3d 1165 (2002), *rev. denied* 149 Wn.2d 1033, 75 P.3d 968 (2003) (This case did

---

[1]    Feb. 10, 2015 was the date that Plaintiff signed a letter acknowledging his probationary employment, which was to begin on March 2, 2015.

T:\WPWIN\Entiat\Quezada v City of Entiat (CIAW)\Pleadings - Misc\464307.doc

DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT Page 2 of 12

**Jerry Moberg & Associates, P.S.**
P.O. Box 130 ✧124 3rd Ave S.W.
Ephrata, WA  98823
(509) 754-2356 / Fax (509) 754-4202

not involve employment law; it involved a business owner's claim that his property was taken without due process of law.); *Hudson v. City of Wenatchee,* 94 Wn.App. 990, 974 P.2d 342 (1999) (This case did not involve employment law; it was a locksmith's claim that he had a protected property interest in unlocking vehicles. The locksmith claimed that his rights were violated because the police department was helping citizens unlock cars free of charge.); *Hoflin v. City of Ocean Shores,* 121 Wn.2d 113, 847 P.2d 428 (1993) (This case involved the due process rights of a Public Works Director who was terminated after he was convicted of a felony in federal court. The court held that the city satisfied plaintiff's due process rights by informing him of the factual basis for his dismissal, even if the city did not correctly identify the legal basis.); *Cleveland v. Bd. of Educ. v. Loudermill,* 470 U.S. 532 (1985) (This case involved the termination of Loudermill, a security guard, and Donnelly, a bus mechanic. The employees claimed that their property rights in continued employment were deprived without due process.  Loudermill and Donnelly were each a "classified civil servant" who could only be terminated for cause.  470 U.S. at 535-36.  **Here, Plaintiff did not have a property right in continued employment because he was a probationary employee and an employee-at-will who did not have the right to be discharged only 'for cause."**); *Danielson v. Seattle,* 108 Wn.2d 788, 742 P.2d 717 (1987) (A police officer was discharged after felony charges were filed against him. Plaintiff was not a

T:\WPWIN\Entiat\Quezada v City of Entiat (CIAW)\Pleadings - Misc\464307.doc

DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
Page 3 of 12

**Jerry Moberg & Associates, P.S.**
P.O. Box 130 ✧124 3rd Ave S.W.
Ephrata, WA  98823
(509) 754-2356 / Fax (509) 754-4202

probationary employee or an at-will employee because he was protected by a collective bargaining agreement.); *Bd. of Regents v. Roth,* 408 U.S. 564 (1972) (This case involved the procedural due process rights of a non-tenured professor who was not rehired after his first academic year. The Court held that plaintiff did not have a constitutionally protected property interest which required the university to give him a hearing before they declined to renew his employment contract.); *Nieshe v. Concrete Sch. Dist.,* 129 Wn.App. 632, 127 P.3d 713 (2005), *rev. denied* 156 Wn.2d 1036, 134 P.3d 1170 (2006) (This case did not involve employment law; the court held that a student did not have a protected property interest in graduation and that a property interest is required to bring a § 1983 due process claim.).

## II.    PLAINTIFF'S RACE DISCRIMINATION CLAIM IS WITHOUT MERIT.

"Putting aside a discrimination claim invoking a disparate impact theory, a plaintiff claiming employment discrimination [under WLAD] must prove intentional discrimination." *Miglio v. United Airlines,* 2014 WL 1089285, *2 (W.D.Wash. 2014). *See also E-Z Loader Boat Trailers, Inc. v. Travelers Indem. Co.,* 106 Wn.2d 901, 910, 726 P.2d 439 (1986) ("a discriminatory motive must be proved under the disparate treatment theory"). Plaintiff's WLAD claim of race discrimination is based upon Plaintiff's assertions: "Quezada was Entiat's only

T:\WPWIN\Entiat\Quezada v City of Entiat (CIAW)\Pleadings - Misc\464307.doc

DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
Page 4 of 12

**Jerry Moberg & Associates, P.S.**
P.O. Box 130 ✦124 3rd Ave S.W.
Ephrata, WA  98823
(509) 754-2356 / Fax (509) 754-4202

Hispanic employee, and Driver questioned his capability, disliked him on that basis, and 'got rid of him,' in accordance with her agenda." (ECF No. 6 at 2.) As to questioning Plaintiff's capability, Ms. Driver testified that after reading Plaintiff's application letter:

> I said "This is a great letter. Did you write it?" A lot of people don't write their own cover letters, just like politicians don't write their own speeches. He then told me that his wife wrote it. And I said, "It's great that you have that kind of a team." I don't think that reflects badly on him at all.

(ECF No. 9 at 4.) As to wanting to get rid of Plaintiff, Ms. Driver testified: "I made the comment after he was missing for five hours and unaccounted for, 'I need to fire that kid,' yes." (*Id.*, lines 17-19) When asked why she used the word "kid" she testified: "Because I have kids his age. . . . Yes [he is an adult]. Yes, my kids are adults too. I still call them kids." (*Id.*, lines 20-22) Ms. Driver testified that "I did like [Mr. Quezada] actually. I just thought he was not good for the City." (ECF No. 9 at 4, lines 7-9.) "But he was a terrible employee." (ECF No. 9 at 4, line 24.)

**Plaintiff lacks evidence that Ms. Driver's desire to end Plaintiff's employment was motivated by racial discrimination.** Plaintiff's allegations do not make a prima facie case of racial discrimination. Even if Plaintiff had a prima facie case, which is denied, Plaintiff lacks evidence that the reorganization of the City's departments was a pretext for racial discrimination against Plaintiff. Plaintiff only speculated that Ms. Driver "implemented a reorganization as pretext to

T:\WPWIN\Entiat\Quezada v City of Entiat (CIAW)\Pleadings - Misc\464307.doc

DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
Page 5 of 12

**Jerry Moberg & Associates, P.S.**
P.O. Box 130 ✦124 3rd Ave S.W.
Ephrata, WA  98823
(509) 754-2356 / Fax (509) 754-4202

terminate Quezada for being Hispanic" and that "[n]o other reason can be deduced from Driver's testimony . . . ." (Ecf No. 8 at 1-2.) Here, "Plaintiff has not presented sufficient evidence – direct or circumstantial – to demonstrate a genuine issue as to pretext." *Shokri v. Boeing Co.,* 2018 WL 1941789, *8 (W.D.Wash. 2018).

> Plaintiff has no direct evidence of a discriminatory motivation. And, taken as a whole, Plaintiff's circumstantial evidence would not allow a reasonable jury to find that Defendant's otherwise legitimate business reasons were merely a pretext for intentional discrimination.

*Id. See also Chuang v. Univ. of Cal. Davis,* 225 F.3d 1115, 1124 (9th Cir. 2000); *Peters v. Shamrock Foods Co.,* 262 Fed.Appx. 30, 32-34 (9th Cir. 2007); *Garcia v. City of Everett,* 2018 WL 1406679, *2 (9th Cir. 2018); *Robertson v. Pac. Lutheran Univ.,* 2013 WL 5966133, *3-4 (W.D.Wash. 2013), *aff'd* 616 Fed.Appx. 276 (9th Cir. 2015) – all holding that plaintiff did not present enough evidence to demonstrate pretext on the part of the employer.

"Plaintiff must do more than disprove Defendant's justification; **Plaintiff must affirmatively prove that race was at the heart of Defendant's termination decision."** *Williams v. City of Bellevue,* 2017 WL 4387590, *7 (W.D.Wash. 2017). (Emphasis added.) "[T]he WLAD requires a showing that the unequal treatment was motivated by race." *Barajas v. Travelers Home and Marine Ins. Co.,* 2017 WL 2112638, *2 (E.D.Wash. 2017).

T:\WPWIN\Entiat\Quezada v City of Entiat (CIAW)\Pleadings - Misc\464307.doc

DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
Page 6 of 12

**Jerry Moberg & Associates, P.S.**
P.O. Box 130 ✦124 3rd Ave S.W.
Ephrata, WA  98823
(509) 754-2356 / Fax (509) 754-4202

"[W]hen the plaintiff relies on circumstantial evidence, that evidence must be specific and substantial to defeat the employer's motion for summary judgment." *E.E.O.C. v. Boeing Co.,* 577 F.3d 1044, 1049 (9th Cir. 2009).  Here, "Plaintiff has failed to put forth sufficient specific and substantial evidence that Defendants acted with a discriminatory animus." *Franett-Fergus v. Omak Sch. Dist.,* 2016 WL 3645181, *9 (E.D.Wash. 2016) (granting summary judgment to employer).

### III. PLAINTIFF'S CLAIMS FOR BREACH OF CONTRACT, SPECIFIC PERFORMANCE AND PROMISSORY ESTOPPEL ARE WITHOUT MERIT.

To support Plaintiff's breach of contract claim, Plaintiff cited *St. John's Med. Ctr. v. State ex rel. Dep't of Social and Health Services,* 110 Wn.App. 51, 38 P.3d 383 (2002), *rev. denied* 146 Wn.2d 1023, 52 P.3d 520 (2002); Restatement (Second) of Contracts § 1, Comment a (1981), *Storti v Univ. of Wash.,* 181 Wn.2d 28, 330 P.3d 159 (2014), and *FDIC v. Uribe, Inc.,* 171 Wn.App. 683, 287 P.3d 694 (2012).  In *St. John's Medical Center, supra,* the court stated that to prevail on a breach of contract claim on summary judgment, a plaintiff must show "there are no issues of material fact as to . . . the existence of a contract."  110 Wn.App. at 64. The Restatement (Second) of Contracts, *supra,* simply set forth a general rule that a contract may consist of a single promise.  *Storti, supra,* stated that "the first question . . . is whether an enforceable contract has been created." 181 Wn.2d at 35. *Uribe, supra,* stated that to support a breach of contract action "the terms of a

T:\WPWIN\Entiat\Quezada v City of Entiat (CIAW)\Pleadings - Misc\464307.doc

DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
Page 7 of 12

**Jerry Moberg & Associates, P.S.**
P.O. Box 130 ✦124 3rd Ave S.W.
Ephrata, WA  98823
(509) 754-2356 / Fax (509) 754-4202

contract must be sufficiently definite . . . ." 171 Wn.App. at 697. Here, the City's personnel policy, which was signed by Plaintiff, provided that "these policies do not create an employment contract or a guarantee of employment for any specific duration," the "policies are not intended to be a contract, express or implied" and "[s]uccessful completion of the trial period does not create an employment contract or guarantee employment with the City for a specific duration." (ECF 6 at 5, ECF 6-1 at 32.)

Plaintiff did not make any argument whatsoever to support his claim for specific performance or promissory estoppel.

## IV. PLAINTIFF'S CLAIM FOR BREACH OF CONTRACT FOR SPECIFIC TREATMENT IN SPECIFIC SITUATIONS (STSS) IS WITHOUT MERIT.

Plaintiff cited cases holding that whether an employee handbook creates an enforceable contract is a question for the jury. *See, e.g., Rowe v. Vaagen Bros. Lumber, Inc.,* 100 Wn.App. 268, 996 P.2d 1103 (2000). However, a claim for STSS "may be decided as a matter of law on summary judgment if reasonable minds could reach only one conclusion." *Cole v. Red Lion,* 92 Wn.App. 743, 750, 969 P.2d 481 (1998) (manual replete with at-will employment provisions precluded a claim for STSS).

An employee seeking to enforce promises that an employer made in an employee handbook must prove that (1) statements made in the handbook

T:\WPWIN\Entiat\Quezada v City of Entiat (CIAW)\Pleadings - Misc\464307.doc

DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
Page 8 of 12

**Jerry Moberg & Associates, P.S.**
P.O. Box 130 ✧124 3rd Ave S.W.
Ephrata, WA  98823
(509) 754-2356 / Fax (509) 754-4202

"amounted to a promise of specific treatment in specific situations," (2) "the employee justifiably relied on any of these promises" and (3) "any promises of specific treatment were breached." *Bulman v. Safeway, Inc.,* 144 Wn.2d 335, 340-41, 27 P.3d 1172 (2001) (reversing a jury verdict in favor of plaintiff). In *Bulman,* the court held that there was insufficient evidence to show that plaintiff justifiably relied upon a policy set forth in the company's human resources management guide and the policies set forth in the guide did not form an implied employment contract.

Federal and state courts are not hesitant to grant summary judgment on a claim for STSS. *See, e.g., King v. Garfield Cnty. Pub. Hosp. Dist. No. 1,* 17 F.Supp.3d 1060, 1083 (E.D.Wash. 2014) (plaintiff signed a form acknowledging that a handbook did not contain promises of specific treatment in specific situations; "The disclaimers . . . clearly indicate that GCHD disclaimed promises of specific treatment and reiterated King's at-will employment status"), *rev'd on other grounds* 641 Fed.Appx. 696 (9th Cir. 2015); *Salazar v. Monaco Enterprises, Inc.,* 2014 WL 1976601, *4, *9 (E.D.Wash. 2014) (plaintiff signed a form acknowledging that his employment was at will and that the contents of the employee handbook did not create any promise of continued employment in the future; as a matter of law plaintiff did not justifiably rely on any promises of specific treatment in specific situations because there were effective disclaimers in the handbook); *Quedado v. Boeing Co.,* 168 Wn.App. 363, 372, 276 P.3d 365 (2012) (defendant's disciplinary

T:\WPWIN\Entiat\Quezada v City of Entiat (CIAW)\Pleadings - Misc\464307.doc

DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
Page 9 of 12

**Jerry Moberg & Associates, P.S.**
P.O. Box 130 ✧124 3rd Ave S.W.
Ephrata, WA  98823
(509) 754-2356 / Fax (509) 754-4202

guidelines stated that the guidelines did not constitute a contract and the company had the right in its sole discretion to amend, modify or discontinue its use without prior notice; "Boeing intended [the documents] to guide the employment relationship, not to create a binding set of promises."), *rev. denied* 175 Wn.2d 1011, 287 P.3d 594 (2012); *Birge v. Fred Meyer, Inc.,* 73 Wn.App. 895, 900-01, 872 P.2d 49 (1994) (where a disclaimer is effectively communicated, an employee may not justifiably rely upon provisions of a handbook), *rev. denied* 124 Wn.2d 1020, 881 P.2d 253 (1994).   A case cited by Plaintiff, *Kohn v Georgia-Pac. Corp.,* 69 Wn.App. 709, 850 P.2d 517 (1993), *rev. denied* 122 Wn.2d 1010, 863 P.2d 72 (1993), is distinguishable.  While the operating policies manual in *Kohn* stated that employment is "at will" there was not language in the manual, as in the case at bar, stating "these policies do not create an employment contract or a guarantee of employment for any specific duration."

A verbal statement of specific treatment cannot support a claim for STSS. *Watkins v. Infosys,* 2015 WL 4493440, *10 (W.D.Wash. 2015), *aff'd* 724 Fed.Appx. 520 (9th Cir. 2017).

## V.    PLAINTIFF'S CLAIM FOR WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY (WDVPP) IS WITHOUT MERIT.

Plaintiff asserts that the public policy linked conduct that caused his job to be eliminated was racial discrimination.  The tort of WDVPP involves performing an

T:\WPWIN\Entiat\Quezada v City of Entiat (CIAW)\Pleadings - Misc\464307.doc

DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT Page 10 of 12

**Jerry Moberg & Associates, P.S.**
P.O. Box 130 ✧124 3rd Ave S.W.
Ephrata, WA  98823
(509) 754-2356 / Fax (509) 754-4202

act which is encouraged by public policy or refusing to perform an act which is discouraged as a matter of public policy.  Restatement of Employment Law § 5:02 (a), (b) and (f) (Am. Law Inst. 2015).  Here, Plaintiff did not participate in protected activity or refuse to participate in unlawful activity.  Moreover, Plaintiff cannot survive the burden shifting framework established by *McDonnel Douglas Corp. v. Green,* 411 U.S. 792, 802-04 (1973).  *See, e.g., Gress v. Conover Ins., Inc.,* 2011 WL 4352316, *9 (E.D.Wash. 2011) (claim for WDVPP did not survive the burden shifting framework), *aff'd* 2012 WL 4479327 (9th Cir. 2012).

## VI.    CONCLUSION

The Court should grant Defendants' motion for summary judgment.

RESPECTFULLY SUBMTTED this 9th day of July, 2018.

JERRY MOBERG & ASSOCIATES, P.S.

*s/ James E. Baker*
JAMES E. BAKER, WSBA No. 9459
Attorneys for Defendants

T:\WPWIN\Entiat\Quezada v City of Entiat (CIAW)\Pleadings - Misc\464307.doc

DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
Page 11 of 12

**Jerry Moberg & Associates, P.S.**
P.O. Box 130 ✦124 3rd Ave S.W.
Ephrata, WA  98823
(509) 754-2356 / Fax (509) 754-4202

## CERTIFICATE OF SERVICE

I certify that I electronically filed the foregoing with the Clerk of the Court

using the CM/ECF System which will send notification to:

Corey M. Kane, attorney for Plaintiff
corey@lacykane.com

DATED this 9th day of July, 2018 at Ephrata, WA.

JERRY MOBERG & ASSOCIATES, P.S.


_s/ James E. Baker_
JAMES E. BAKER, WSBA No. 9459
Attorneys for Defendants

T:\WPWIN\Entiat\Quezada v City of Entiat (CIAW)\Pleadings - Misc\464307.doc

DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
Page 12 of 12

**Jerry Moberg & Associates, P.S.**
P.O. Box 130 ✦ 124 3rd Ave S.W.
Ephrata, WA  98823
(509) 754-2356 / Fax (509) 754-4202